UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | |
| v.  § | No.  A-21-CR-00048-LY |
| § | |
| **(24) JAMES ARMOND,** § | |
| *Defendant* § | |

**ORDER**

Before the Court is Defendant James Armond's Motion to Allow Withdrawal of Counsel, Dkt. 1192. The Motion states that Defendant and counsel, Mr. Bradford J. Glendening, have reached an impasse which precludes counsel's continued representation of Defendant. *Id.* This is Defendant's second request for new counsel. *See* Dkt. 944 (order granting Defendant's previous request for new counsel and admonishing Defendant that "future requests for new appointed counsel will not be well taken"). The Court set Defendant's motion for a hearing. Dkt. 1200.

At the hearing, Defendant and Mr. Glendening agreed on the record that they could continue to work effectively together. The Court reminded counsel and Defendant that the U.S. Court of Appeals for the Fifth Circuit has observed that "a persistent, unreasonable demand for dismissal of counsel and appointment of new counsel, as herein discussed, is the functional equivalent of a knowing and voluntary waiver of counsel." *United States v. Moore*, 706 F.2d 538, 540 (5th Cir. 1983); *see also United States v. Mesquiti*, 854 F.3d 267, 272 (5th Cir. 2017) (same); *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007) ("[I]ndigent defendants have no right to

1

appointed counsel of their choice."). Both Defendant and counsel acknowledged this admonishment on the record. The hearing concluded with Defendant and counsel agreeing to go forward with the representation.

Based on those representations, the Court hereby **DENIES** Defendant's motion, Dkt. 1192.

SIGNED August 3, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE